1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

LUIS MARIO ANGULO V., AKA
LUIS MARIO GUERRERO

             Petitioner,

               v.

BYRON BLEUM,

             Respondent.

NO. CV 14-8164-AB (AGR)

ORDER TO SHOW CAUSE

18

19

20

21

      On September 22, 2014, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears that Petitioner has failed to exhaust his administrative remedies.

22

23

24

      The court, therefore, orders Petitioner to show cause, on or before ***November 27, 2014***, why this court should not recommend dismissal of the petition without prejudice based on failure to exhaust administrative remedies.

25

26

27

28

1

**I.**

2

**PROCEDURAL BACKGROUND**

3         On July 7, 2014, Petitioner pled no contest to indecent exposure and was

4    sentenced to 16 months.  (Petition at 1-2.)

5         The court has searched the California Appellate Courts online docket using

6    the name Luis Mario Angulo, the name Luis Mario Guerrero,[1] and the case

7    number (BA425956) provided by Petitioner (Petition at 2) and found no support

8    for Petitioner's contention that he appealed his plea or filed any habeas petitions

9    relevant to his plea.  (*See* Petition at 2-3.)

10        On September 22, 2014, Petitioner filed the instant petition in this court in

11   which he raises four grounds.  (Petition at 6-9.)

12

**II.**

13

**EXHAUSTION**

14        The AEDPA provides that a petition for writ of habeas corpus brought by a

15   person in state custody "shall not be granted unless it appears that – (A) the

16   applicant has exhausted the remedies available in the courts of the State; or (B)(i)

17   there is an absence of available State corrective process; or (ii) circumstances

18   exist that render such process ineffective to protect the rights of the applicant."

19   28 U.S.C. § 2254(b)(1).

20        Exhaustion requires that Petitioner's contentions be fairly presented to the

21   state's highest court, in this case the California Supreme Court.  *James v. Borg*,

22   24 F.3d 20, 24 (9th Cir. 1994).   Petitioner bears the burden of demonstrating that

23   he described to the California Supreme Court both the operative facts and the

24

25        [1]  According to Petitioner's return address, he was incarcerated at Wasco
     State Prison.  (Petition at 1.)  Using his CDC booking number, AL7540, he is
26   presently incarcerated at Valley State Prison.  He is known to the CDCR as Luis
     Mario Guerrero.  The Clerk is directed to send this order to show cause to his
27   address of record at Wasco and to mail a copy of the order to Valley State Prison.
     Petitioner is ORDERED to file a Notice of Change of Address.  L.R. 41-6 (pro se
28   party is required to keep the court apprised of his or her current address).

1  federal legal theory on which his claim is based.  *Duncan v. Henry*, 513 U.S. 364,

2  365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

3        Based on the court's review of California's online docket, Petitioner has

4  never presented any grounds for relief to the California Supreme Court.  Thus,

5  the petition appears to be completely unexhausted and is subject to dismissal

6  without prejudice on that basis.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154

7  (9th Cir. 2006).

8  **III.**

9  **ORDER TO SHOW CAUSE**

10        IT IS THEREFORE ORDERED that, on or before ***November 27, 2014***,

11  Petitioner shall show cause why the court should not recommend dismissal of the

12  petition without prejudice based on failure to exhaust administrative remedies.

13      **If Petitioner fails to respond to the order to show cause by November**

14  **27, 2014, the petition is subject to dismissal.**

15

16  DATED:  October 27, 2014

17                    ALICIA G. ROSENBERG
                  United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28